Chief Justice Robertson
delivered the Opinion of the Court.
JLeavell sold to Spihnan a hogshead of tobacco, weighing sixteen hundred pounds, for three dollars a hundred; and agreed to deliver it at Grady’s warehouse.. It was afterwards delivered to Grady in his warehouse, and there deposited for Spihnan, with the initials of his name marked upon it by Leavell. Shortly afterwards, Spil-man having applied to Grady for the- hogshead, and not being able to find it, Grady delivered to him, and he agreed to take, and did take, in lieu of it, another hogshead of Leavell’s tobacco which had been deposited in the same warehouse, and which weighed about as much as the one which could not be found.
The hogshead so accepted by Spihnan, .was crossed at New Orleans, as inferior tobacco, and was therefore not worth more than from one dollar to a dollar and twenty five cents a hundred weight.
Leavell sued Grady, by warrant, for one hogshead of tobacco, and, upon an appeal to the circuit court, obtained a judgment against him for forty eight dollars and twelve cents.
Grady now insists that the judgment is erroneous— because, as his counsel argues, Leavell could recover only for the hogshead which was delivered to Spihnan, in-lieu of that which had been sold to him, and because the utmost value of the former did not exceed twenty dollars.
It may be admitted that, when Leavell had complied with his contract by delivering the hogshead at the warehouse for Spilman, it was the property of Spihnan, who could have maintained detinue or trover for it. *428 But, as be took another hogshead in lieu of it, and Lea» veil seems to have acquiesced, the Jury had a right to-infer that the title to that which had been delivered fov Sj)ilman,'revested in Leavell.
Wherefore the judgment must be affirmed.